### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | | |
|---|---|---|
| LUCAS WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CASE NO:** |
| | : | **7:26-cv-002–WLS** |
| SERGIO JIMENEZ, KEVIN McCLANAHAN, | : | |
| CARMEN PACHECO, DAWN HILL-KEARSE, | : | |
| and WAVNY TOUSSAINT, | : | |
| | : | |
| Defendants. | : | |

## ORDER

On January 6, 2026, *pro se* Plaintiff Lucas Williams, filed a Complaint (Doc. 1) against Defendants Sergio Jimenez, Kevin McClannahan, Carmen Pacheco, Dawn Hill-Kearse, and Wavny Toussaint. Presently before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form AO 240) (Doc. 2) ("IFP Application"). For the following reasons, Plaintiff's IFP Application (Doc. 2) is **GRANTED**. However, Plaintiff is ordered to recast his Complaint for the reasons set forth below.

## DISCUSSION

Under 28 U.S.C. § 1915(a)(1), the Court "may authorize . . . any suit, action or proceeding . . . without prepayment of fees[1] or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[2] *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that § 1915 is designed to provide indigent litigants with meaningful access to

---

[1] Although Short Form AO 239's title refers to proceeding without prepaying "fees or costs," § 1915(a)(1) refers to the proceeding without prepayment of fees, and the Court's decision in this matter relates solely to whether Plaintiff may proceed with his action without prepaying the fees that would otherwise be required in this case.

[2] Although Congress used the word "prisoner" here, 28 U.S.C. § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

1

courts). In determining whether a litigant may proceed without prepayment of the filing fee, the Court must follow a two-step process. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). First, the Court assesses Plaintiff's ability to prepay the cost and fees associated with filing a civil case in district court. *Id.* Second, "[o]nly after making a finding of poverty," the Court reviews the sufficiency of the complaint, as required by 28 U.S.C. § 1915(e). *Id.*

## I.    IFP APPLICATION

Beginning at the first step, the Court finds that Plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Plaintiff has $50 in cash, bank accounts, and/or financial institutions, and owns no assets. (Doc. 2 at 2). Plaintiff lists net income of $1,000 per month (*Id.* at 1), and expenses totaling $1,000 for food and utilities (*Id.* at 2). On these facts, the Court finds Plaintiff is exempt from prepaying filing fees under 28 U.S.C. § 1915(a).

Accordingly, Plaintiff's IFP Application (Doc. 2) is **GRANTED** and Plaintiff's action will be allowed to proceed without him being required to prepay the filing fees in this matter.

## II.    PLAINTIFF'S COMPLAINT

The full text of Plaintiff's allegations against Defendants are that:

1. Upon information and belief, Defendants conspired with individuals in LT-325749-22/Kl, in which the next court appearance is scheduled for 2/4/26 before Defendant Sergio Jimenez,

2. All defendants conspired together in violation of due process,

3. This Court has jurisdiction under federal law.

(Doc. 1 at 1). Plaintiff requests compensatory and punitive damages estimated to be over $500,000.

## III.    SUFFICIENCY OF THE COMPLAINT

At the second step, the Court reviews the sufficiency of Plaintiff's Complaint. In doing so, the Court accepts as true all factual allegations in the Complaint. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003); *Watkins v. Joy*, 782 F. App'x 892, 895 (11th Cir. 2019) (citing *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008)). Moreover, because Plaintiff proceeds *pro se*, the Court construes the filings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263

(11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). It is worth emphasizing, however, that this leniency does not give Plaintiff "special advantages not bestowed on other litigants," nor does it excuse Plaintiff from obeying all local and procedural rules, including those governing pleadings. *Procup*, 760 F.2d at 1115. The Court will neither be a *pro se* litigant's lawyer, *see Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004), nor will it rewrite or fill in the blanks of a defective pleading, *see Brinson v. Colon*, 2012 WL 1028878, at *1 n.2 (S.D. Ga. Mar. 26, 2012) (internal quotation marks omitted) (citation omitted).

Further, notwithstanding any grant of IFP status, "the court shall dismiss the case at any time if the court determines that— . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e); *see Watkins*, 782 F. App'x at 893 ("A district court is obligated to dismiss an *in forma pauperis* complaint if it determines that the action fails to state a claim on which relief may be granted." (internal quotation marks omitted) (citation omitted)). Plaintiff must also comply with Federal Rule of Civil Procedure 8, which requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a). Although a complaint need not contain "detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Similarly, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alterations in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The Complaint in this case is so deficient that the Court is unable to determine whether this case is properly filed in this Court. For instance, the only address the Court has for Plaintiff indicates he is a resident of New Orleans, Louisiana. Thus, it is unclear whether Plaintiff is a resident of the State of Georgia. Further, none of the Defendants' addresses are provided. While it appears a federal court may have federal question jurisdiction under 28 U.S.C. § 1331

over Plaintiff's due process claim, without information as to Plaintiff's and/or Defendants' places of residence, the Court is unable to determine whether venue is proper in this Court pursuant to 28 U.S.C. § 1391.

Further, as summarized above, Plaintiff's Complaint does not include any specific factual allegation or claims against any of the named Defendants. As best the Court can tell, Plaintiff appears to allege Defendants have conspired against him in a court action, but that is far from clear. Plaintiff does not provide any facts or actions taken by any Defendant on which he bases his conspiracy claims or facts supporting his claim for violation of due process. It is unclear what role, if any, the named Defendants played in the alleged conspiracy. In addition, Plaintiff has not alleged how the actions of each named Defendant violated his due process rights and the specific Constitutional Amendment, if any, he alleges was violated.

Accordingly, Plaintiff is **ORDERED** to recast his Complaint (Doc. 1) in a written filing that must be filed **not later than twenty-one days from the date of entry of this Order, or by no later than Friday, January 30, 2026**. To avoid dismissal of this case, the recast complaint must set forth sufficient information as to the identity and residence of each Defendant as well as the residence of Plaintiff and where the alleged conduct occurred. The recast complaint must contain sufficient factual allegations that state an identified legal claim as to *each* Defendant and the legal basis for *each* such claim, taking into account the contents of this Order. Such claims must be factually sufficient to withstand scrutiny under 28 U.S.C. § 1915 and the Federal Rules of Civil Procedure; *i.e.*, Rule 8.

Plaintiff is **NOTICED** that failure to comply with this Order may result in dismissal of this case for failure to state a claim upon which relief may be granted, or other defect, without further notice or proceedings.


**SO ORDERED**, this 9th day of January 2026.


/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**